IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY J. FAILS,
    Plaintiff,

vs.                                Case No. 3:08cv415/RV/EMT

ESCAMBIA COUNTY JAIL, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 18).  Upon review of the complaint, the court concludes that dismissal of this case is warranted.

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional."  Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) (quoting Neitzke, 490 U.S. at 325, 237).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."  *Id*.  Upon review of the complaint, the court concludes that Plaintiff's claims are frivolous.

Plaintiff, an inmate of the Florida State Prison, names two Defendants in this action, the Escambia County Sheriff's Department (Sheriff's Department) and Stephen Petri, a local prosecutor (Doc. 1 at 2). Plaintiff alleges doctors and officers of the Escambia County Jail, as well as "prison personel [sic] in the dental department," secretly bugged him by implanting a listening device in his jaw (*id.* at 5). He states he had dental work done at various correctional facilities in 1992, 1994, and 1995 (*id.*). He states he strongly believes his dental fillings were bugged by the Sheriff's Department, with the cooperation of prison officials, and officers and inmates can now hear him think through these listening devices (*id.*). Plaintiff states he can hear officers accusing him of other crimes, and he believes the listening devices are part of an illegal investigation (*id.*). He states that prison officials permit other inmates to participate in this investigation by showing him pictures of people who look like his family members, friends, and acquaintances (*id.*). Plaintiff states that every institution to which he is transferred participates in the bugging, and he can hear his own voice coming from officers' radios and other devices that have been installed within the institutions (*id.* at 6). Plaintiff states he has been mentally tortured in this manner for several years (*id.*). He states this illegal monitoring occurs even when he is "on the streets" through police helicopters which shine lights on him for several minutes (*id.*). Plaintiff states this activity allows law enforcement to "set him up" by conspiring with others, including Plaintiff's ex-girlfriend and the local prosecutor, and this led to his being wrongfully prosecuted for rape (*id.*).

Plaintiff claims that the illegal planting of listening devices in his jaw violates his right to privacy and constitutes cruel and unusual punishment under the Eighth Amendment (Doc. 1 at 7). As relief, Plaintiff seeks $15,000,000.00 for mental anguish and defamation of character (*id.*).

Plaintiff's assertion that law enforcement officers, prison officials, medical personnel, and the local prosecutor have conspired to monitor and investigate him by implanting listening devices in his mouth falls into the very narrow category of allegations that are removed from reality and wholly incredible. Therefore, Plaintiff's complaint should be dismissed as factually frivolous. *See, e.g.,* Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001) (dismissing as factually frivolous claim that prison official forced plaintiff to wear "bomb belt" containing 50,000 volts of electrical shock 1000 times in 19 days); Williams v. St. Vincent Hosp., 258 Fed. Appx. 293, 294 (11th Cir. 2007)

(affirming dismissal of complaint as frivolous where complaint presented "far-fetched" scenario based on assertions of a massive conspiracy to monitor plaintiff that was "clearly baseless.").[1]

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i);

2. That the clerk be directed to close the file

At Pensacola, Florida this 23rd day of December 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] The undersigned cites Williams v. St. Vincent Hosp. only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No: 3:08cv415/RV/EMT